# SUPREME COURT.

## MARCH TERM, 1850.

## BENJAMIN CLARK *vs.* TIMOTHY C. CONDIT.

A, executed a note to B, for the purchase of a tract of land on which C, had a mortgage. The note was by agreement, to be paid by instalments, to meet the instalments on the mortgage; A, failed to pay B, by which B, was prevented from paying the mortgage debt. C, foreclosed his mortgage, and A, became the purchaser of the land which was sold to satisfy the mortgage debt. B, obtained a judgment at law, against A, upon the note, A, filed a bill asking to be relieved from payment of the judgment. Held that A, by his own fault caused the failure to pay the mortgage debt, and is not entitled to relief.

### APPEAL FROM ST. LOUIS CIRCUIT COURT.

MUNFORD for appellant.

The court raised the question whether or not the judgment at law, was not a bar to the relief now asked in equity, it is not the judgment at law admitting it to be right, only determines that Condit was entitled to have a judgment on the note vs. Clark, because he did not pay off the mortgage.

But Clark had no right, at law, to have a judgment against Condit at law, for his purchase money for a breach of covenant on the warranty in the deeds notwithstanding the same facts, were before the court at law, that are now before this court as a court of equity, yet the remedy on these facts in equity, is entirely different from what it was at law, the court holds that at law Condit was entitled to his judgment, and that the property having been sold under the mortgage was no defence, we could not at law, have judgment on the covenants in his deeds for the purchase money. And the question now is, has not Clark the right to come into equity and have a decree for his purchase money, and have one set off against the other. If a court of equity cannot do this, then I have mistaken all its powers, though these facts were before the court at law, yet they were not so involved in that litigation that any remedy could be had on them. The case in 7 vol. Mo. Rep. Burtons adm'r. vs. Rector, p. 529, will not turn the parties round to a suit at law, where the title has failed, and it cannot be pretended that we got any land by Condit's deed. If the court decrees that Clark is entitled to no relief here, if he sues on his deed for the purchase money, may not this decree be plead in bar to that action then it is apparent that this court should now finally settle the entire subject of litigation. As to equity, jurisdiction. See 7 Cranch. Marine Ins. Co. vs. Hodgson, p. 336.

FIELDS and HALL for defendant.

1st. There is no equity in the bill of the appellant. Clark vs. Condit, 11 Mo. 79.
2nd. The whole matter was submitted to a court of law, and there adjudicated.

Judge BIRCH delivered the opinion of the court.

After giving to this case the most patient consideration, and reflection, we have arrived at the conclusion that it is not one which can now consistently or rightfully invoke- the interposition of a court of equity. Referring, therefore, to the report of the same case, (at law,) which will be found in the 11th volume of the opinions of this court, the decree of the chancellor is affirmed, and the bill thereby dismissed.